

# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON R BROWN | Case Number: 1731-CC01499 |
| Plaintiff/Petitioner:<br>GREGORY T WESTFALL<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JERRY MICHAEL KIRKSEY<br>711 S ALBANY AVE<br>BOLIVAR, MO 65613 |
| Defendant/Respondent:<br>JAMES J. MAZZOCCHI | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **JAMES J. MAZZOCCHI**
                 **Alias:**

**420 WALNUT CREEK LN**
**UNIT 3103**
**LISLE, IL 65032**

*COURT SEAL OF*

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*GREENE COUNTY*

| | |
|---|---|
| 11/13/2017 | s/s G Grady |
| Date | Clerk |

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                ☐ the judge of the court of which affiant is an officer.
*(Seal)*           ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                  (use for out-of-state officer)
                ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**
Summons    $_____
Non Est      $_____
Mileage     $_____ (_____ miles @ $_____ per mile)
**Total**       $_____

**See the following page for directions to clerk and to officer making return on service of summons.**

Case 6:18-cv-03063-DPR    Document 1-1    Filed 02/26/18    Page 1 of 12

*EXHIBIT A*

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Electronically Filed - Greene - November 08, 2017 - 03:23 PM

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| GREGORY T. WESTFALL, individually, §<br>and derivatively as member of §<br>Mach 5 Transportation, LLC, §<br> §<br>Plaintiff, §<br> §<br>v. §<br> §<br>JAMES J. MAZZOCCHI, §<br> §<br>Defendant, §<br> §<br>May be served at residence: §<br>420 Walnut Creek Ln §<br>Unit 3103 §<br>Lisle, IL 60532 § | Case No. _____ |

---

### PETITION FOR DISSOLUTION OF LIMITED LIABILITY COMPANY, ACCOUNTING AND BREACH OF FIDUCIARY DUTY

COMES NOW Plaintiff, Gregory T. Westfall, ("Westfall") individually and derivatively on behalf of Mach 5 Transportation, LLC, for his cause of action against Defendant, James J. Mazzocchi, ("Mazzocchi") alleges as follows:

### PARTIES, VENUE AND JURSIDICTION

1. Plaintiff, Westfall, is bringing this action individually and derivatively on behalf of MACH 5 TRANSPORTATION, LLC, (the "LLC") a Limited Liability Company duly registered to conduct business in the State of Missouri.

2. Defendant, Mazzocchi, is an individual, who upon information and belief currently resides at 420 Walnut Creek Lane, Unit 3103, Lisle, Illinois.

3. This action is proper in Greene County, Missouri, pursuant to RSMo 508.010.

---

## GENERAL ALLEGATIONS

4. Westfall and Mazzocchi entered into an agreement to start the LLC on September 22, 2015 as evidenced by the Operating Agreement attached as Exhibit A and incorporated herein by reference.

5. Westfall and Mazzocchi were acting pursuant to the Operating Agreement as 50% owners of the LLC, with Westfall designated as the Managing Member.

6. Defendant Mazzocchi entered into a course of conduct breaching his duty to the LLC, and its members, using the business assets for his own personal gain and usurping the business opportunities of the LLC for his own gain, including, but not limited to, the encouraging drivers of the trucks for the LLC to leave the LLC and instead soliciting them to work for himself, through him and with another intermodal trucking entity.

7. The LLC is in the operation of over the road trucks to transport goods throughout the Midwest including intermodal transportation.

8. Drivers are a valuable asset of the LLC and essential to operate the business of the LLC.

9. Upon information and belief, around September 1, 2017, and after, Mazzocchi, with the help of a third-party who aided and abetted the conduct herein, took actions to usurp the business opportunities and assets of the LLC including its employees as a most valuable asset.

10. Mazzocchi used his position in the LLC to solicit current LLC drivers from the LLC to a competing company, Mesa Intermodal, Inc., breaching his fiduciary duty to the LLC.

11. Mesa Intermodal, Inc. is a business which, like the LLC, which has drivers who transport intermodal transportation.

12. On information and belief, Mazzocchi had communications with Gary Anderson of Mesa Intermodal, Inc. as to Mazzocchi soliciting drivers of the LLC to drive instead for Mesa Intermodal, Inc.

13. Susan Doukas was employed by the LLC as a driver.

14. Mazzocchi had communications with Susan Doukas about her leaving as a driver for the LLC.

15. Mazzocchi had communications with Susan Doukas about her becoming a driver for Mesa Intermodal, Inc.

16. Clifford Harris was employed by the LLC as a driver.

17. Mazzocchi had communications with Clifford Harris about his leaving the LLC.

18. Mazzocchi had communications with Clifford Harris about his becoming a driver for Mesa Intermodal, Inc.

19. Mazzocchi, in furtherance of his conduct herein, created a competing business, MZI Trucking, Inc.

20. Upon information and belief, Mazzocchi used the LLC's business contacts and assets in order to further his own personal gain, to the detriment of the LLC.

21. Upon information and belief, Mazzocchi was directly or indirectly compensated by Mesa Intermodal for his efforts harmful to the LLC.

**COUNT I: DISSOLUTION**

COMES NOW Plaintiff and for Count I, states:

22. The LLC has a registered office located at 6058 S. Lookout Ridge Drive, Ozark, MO, Greene County, Missouri.

23. Pursuant to RSMo 347.143(2) Westfall is requesting the LLC be dissolved.

24. Due to the actions and continuing breach of duties by Mazzocchi, it is not reasonably practicable to carry on the business in conformity with the operating agreement and therefore should be dissolved.

WHEREFORE, Westfall prays for judgment against Mazzocchi, in an amount that is fair and reasonable under the circumstances; for punitive damages to punish Mazzocchi and to deter Mazzocchi and others from like conduct; for costs and expenses of this litigation, and for any and all other relief that the Court may deem just and proper.

## COUNT II: REQUEST FOR ACCOUNTING

COMES NOW Plaintiff and for Count II., states:

25. Westfall incorporates the General Allegations and Count I.

26. Pursuant to Missouri Statue 347.010 et seq, specifically 347.088(3), Westfall requests Mazzocchi, as a member of the LLC, to account for any profit or benefit derived by his personal use of the LLC business assets and/or contacts in benefitting Mesa Intermodal Inc., and MZI Inc.

27. By virtue of Westfall's interest in the LLC, he is entitled to a full and complete accounting of any profit or benefit derived by Mazzocchi personal use of the LLC business assets and/or contacts.

28. Without an accounting of the benefit or profit derived, Westfall has no means for ascertaining the extent of his or the LLC's damages resulting from Mazzocchi's wrongful conduct and has no other adequate remedy at law.

Electronically Filed - Greene - November 08, 2017 - 03:23 PM

WHEREFORE, Westfall prays that the Court enter judgment in his and the LLC's favor and against Mazzocchi as follows:

A.     Ordering a full and complete accounting of all funds paid to and/or received by Mazzocchi, Mesa Intermodal, Inc., and MZI Trucking Inc., whatever their source, from January 1, 2017 to present, and throughout the pendency of this litigation;

B.     Ordering a full and complete accounting of all funds expended by Mazzocchi from January 1, 2017 to present and throughout the pendency of this litigation;

C.     Ordering a full and complete accounting of all loan transactions in which Mazzocchi, Mesa Intermodal, Inc., and MZI Trucking Inc., was involved from January 1, 2017 to present, and throughout the pendency of this litigation;

D.     Ordering a full and complete accounting of all financial accounts maintained by or on behalf of Mazzocchi, Mesa Intermodal, Inc., and MZI Trucking Inc., from January 1, 2017 to present, and throughout the pendency of this litigation;

E.     Ordering a full and complete accounting of all funds transferred between Mazzocchi and Mesa Intermodal, Inc., or MZI Trucking Inc., from January 1, 2017 to present, and throughout the pendency of this litigation;

F.     Ordering a full and complete accounting of all assets and liabilities transferred between Mazzocchi and Mesa Intermodal, Inc., or MZI

Electronically Filed - Greene - November 08, 2017 - 03:23 PM

Trucking Inc., from January 1, 2017 to present, and throughout the

pendency of this litigation; and

G.      Awarding Westfall his attorney's fees and costs incurred herein

and whatever further relief that the Court deems just, equitable, and

proper.

## COUNT III: BREACH OF FIDUCIARY DUTY

COMES NOW Plaintiff and for Count III, states:

29. Westfall incorporates the General Allegations.

30. As a member of the LLC, Mazzocchi owed certain fiduciary duties to the LLC,
    and to any shareholders.

31. The two shareholders of the LLC were Mazzocchi and Westfall.

32. Mazzocchi breached his fiduciary duties to the LLC and Westfall by:

    a.      actively soliciting employees/drivers of the LLC to work for his other
            business ventures, namely MZI Trucking Inc., and Mesa Intermodal,
            Inc.;

    b.      Using his time and resources, and the time and resources of the LLC to
            promote other competing businesses;

    c.      Working with another company to the detriment of the LLC, to the
            point of using business assets and contacts to further his own financial
            gain;

33. These actions were done willfully, intentionally, without justification or excuse,
    with evil motive and reckless indifference to the LLC and its shareholders for the
    benefit of a competing entity.

34. These actions were done without notice to the LLC or Westfall, and without the full consent of the LLC or its shareholders.

35. As a result of Mazzocchi actions, the LLC and Westfall have been damaged.

WHEREFORE, Westfall prays for judgment against Mazzocchi, in an amount that is fair and reasonable under the circumstances; for punitive damages to punish Mazzocchi and to deter Mazzocchi and others from like conduct; for costs and expenses of this litigation, and for any and all other relief that the Court may deem just, equitable, and proper.

## COUNT IV: BREACH OF DUTY OF LOYALTY

COMES NOW Plaintiff and for Count IV, states:

36. Westfall incorporates the General Allegations.

37. Defendant had a duty of loyalty to the LLC including not encouraging employees to leave and soliciting them for competing businesses.

38. Defendant breached encouraging employees of the LLC to leave the LLC and was successful in doing so to the harm of, and with damage to, the LLC.

39. The LLC has been damaged as a result of Defendant's conduct.

WHEREFORE, Westfall prays for judgment against Mazzocchi, in an amount that is fair and reasonable under the circumstances; for punitive damages to punish Mazzocchi and to deter Mazzocchi and others from like conduct; for costs and expenses of this litigation, and for any and all other relief that the Court may deem just, equitable, and proper.

## COUNT V: PUNITIVE DAMAGES

COMES NOW Plaintiff and for Count V, states:

40. Westfall incorporates the General Allegations and Counts III and IV.

41. Mazzocchi's behavior was outrageous, malicious and wrong, said conduct in reckless indifference to the rights of the LLC.

42. Mazzocchi should be punished to deter him and others from like conduct.

**WHEREFORE**, Westfall prays for judgment against Mazzocchi, in an amount that is fair and reasonable under the circumstances; for punitive damages to punish Mazzocchi and to deter Mazzocchi and others from like conduct; for costs and expenses of this litigation, and for any and all other relief that the Court may deem just, equitable, and proper.

*/s/Jay Kirksey*

**Jerry M. (Jay) Kirksey**
Missouri Bar No. 38643
Attorney for Plaintiff

**KIRKSEY LAW FIRM, L.L.C.**
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com

*/s/Jesse T. Ankrom*

**Jesse T. Ankrom**
Missouri Bar No. 67080
Attorney for Plaintiff

**KIRKSEY LAW FIRM, LLC**
711 S. Albany Street
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jankrom@kirkseylawfirm.com

KLF File No. 10574-001

Electronically Filed - Greene - November 08, 2017 - 03:23 PM

## LLC Operating Agreement for MACH 5 TRANSPORTATION, LLC.

### 1. Names
This operating agreement is made by MACH 5 TRANSPORTATION, LLC, a Missouri limited liability company

### 2. Formation
The Company has been formed under the Missouri statute authorizing the formation of limited liability companies. The purpose of the Company is stated in the articles of organization.

### 3. Offices
The Company will have one or more offices at places the Members designate. The initial registered office of the Company is located at:
3737 SMYRNA RD, ROGERSVILLE, MO. 65742
and the primary Member is the organizer.

### 4. Management
The primary Member, GREGORY T. WESTFALL, has the right to manage the Company's business.

### 5. Capital Contributions
The Members will contribute $500.00 to the Company:
This property is contributed in exchange for the Member's interest in the Company. The Members will not be paid interest on this capital contribution.

### 6. Taxes
For federal tax purposes, the Company will be taxed as a SUBCHAPTER S CORPORATION.

### 7. Funds
The Members will determine the financial institution that will hold Company funds and will determine the authorized signatures on Company accounts. Members will have check writing authorization.



EXHIBIT
A

## 8. Additional Members
The Company may admit one or more additional members upon such terms as are determined by the Company and the Members. If new members are admitted, the articles of organization and the operating agreement will be appropriately amended.

## 9. Distributions
The Members will determine when and how cash and other assets of the Company will be distributed.

MACH 5 TRANSPORTATION, LLC
a Missouri limited liability company

Dated: 9/22/15

By:
GREGORY T. WESTFALL
3737 SMYRNA RD.
ROGERSVILLE, MO 65742

AND

BY:
JAMES J. MAZZOCCHI
420 WALNUT CREEK LN
UNIT 3103
LISLE, IL. 60532